UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN INSTITUTE OF PHYSICS, <br> ELSEVIER, INC., <br> WILEY PERIODICALS, INC., and <br> WILEY-LISS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASIAN BOOKS PRIVATE LIMITED, <br> KIRAN AGARWAL, <br> RAGINI AGARWAL, <br> GERALDINE BUNKER, <br> VANITA BUNKER, <br> DIAMOND & GOLD OUTLET, INC., <br> BUNTY GIDWANI, <br> RESHMA GIDWANI, <br> CHITRA JAGASIA, <br> DILIP JAGASIA, <br> HARISH JAGASIA, <br> KAMAL JAGASIA, <br> RAMESH JAGASIA, <br> SHEELA JAGASIA, and <br> YOGESH JAGASIA, <br><br> Defendants. | Civil Action No. 05cv10178 NMG |

**STIPULATED ORDER PRESERVING EVIDENCE AND
PROHIBITING REMOVAL OF ASSETS**

Plaintiffs American Institute of Physics, Elsevier, Inc., Wiley Periodicals, Inc.,

and Wiley-Liss, Inc., and defendants Asian Books Private Limited, Diamond & Gold

1

Outlet, Inc., Chitra Jagasia, Kamal Jagasia, and Sheela Jagasia, collectively the "defendants" and together with their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Stipulated Order, the "Affected Parties," shall, during the pendency of this action:

1. Preserve and retain within the United States all documents, in either electronic or paper form, relating in any way to subscriptions addressed to any of the names and addresses listed on Exhibit A hereto, or any other subscriptions to plaintiffs' journals addressed to the Affected Parties or to addresses used by the Affected Parties. The term "documents" as used herein has the meaning ascribed to it in Local Rule 26.5 of this Court, and includes but is not limited to all orders, order confirmations, invoices, shipping labels, correspondence, and mailbox leasing documents.

2. Preserve and retain within the United States all documents, in either electronic or paper form, relating in any way to (i) sales or shipments to third parties of issues of journals published by plaintiffs; (ii) shipments between or among the Affected Parties of issues of such journals; and (iii) the revenues received from such sales and shipments and the present location of such revenues. The term "documents" as used herein has the meaning ascribed to it in Local Rule 26.5 of this Court, and includes but is not limited to all orders, order confirmations, shipping labels, bills of lading, receipts, books of account, ledgers, bank statements, and correspondence.

3. Not sell (except to customers in the ordinary course of business) or otherwise

transfer any of the assets of the businesses owned by them within the United States, including but not limited to: Asian Books Private Limited, Diamond & Gold Outlet, Inc., Jaycee Sales Corporation, Export & Imports, Discount Gold Center, Inc., Jagasia Enterprises, Inc., Avi Impex Books & Journals, Inc., and Raj Kamal Imports, Inc.; other than for full consideration negotiated at arm's length to be deposited into an account within the United States governed by Paragraph 4 below; or in any other manner remove from the United States the assets of said companies now located within the United States.

4. Not in any manner remove from the United States any checking, savings, money market, or other bank account, or any brokerage account, wherever held in the names of or for the benefit of any defendant, located anywhere in the United States, or the cash, bonds, and other securities and property held therein, provided that nothing herein shall prevent the sale of securities for cash so long as the proceeds thereof remain in such account. However, defendants are expressly permitted to draw down any account to pay

   (i) non-party, non-U.S. vendors of goods and services to any of the business entities identified above, in response to bona fide invoices, copies of which shall be preserved for inspection by plaintiffs' attorneys;

   (ii) salaries of non-U.S. employees of any of the business entities identified above, in amounts per week or per month not greater than paid to such employees within the last six months prior to the filing of this

3

action, provided that copies of pay stubs and payroll records shall be preserved for inspection by plaintiffs' attorneys; and

(iii) taxes, bona fide estimated taxes, and other similar obligations owed to foreign governments, provided that documentation thereof is preserved for inspection by plaintiffs' attorneys.

5. Not sell or otherwise transfer, alienate, mortgage or otherwise encumber any real property owned by any of the defendants within the United States, other than for payment that is (i) at fair market value and (ii) to be delivered into an account within the United States governed by Paragraph 4 above, including but not limited to the properties located at 1003 18th St., Key West, Fl. 33040.

6. Not sell or otherwise transfer any shares of stock or other interests owned by them in any of the businesses identified in Paragraph 3 above, other than for payment that is (i) at fair market value and (ii) to be delivered into an account within the United States governed by Paragraph 4 above.

AMERICAN INSTITUTE OF PHYSICS,
ELSEVIER, INC.,
SAGE PUBLICATIONS, INC.,
WILEY PERIODICALS, INC., and
WILEY-LISS, INC.,

Plaintiffs,

By their attorneys,

*[signature]*

4

Dated: February 9, 2005

William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO #657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

_Chitra Jagasia_
Chitra Jagasia

_Kamal Jagasia_
Kamal Jagasia

_Sheela Jagasia_
Sheela Jagasni

Diamond & Gold Outlet, Inc.

By: _____

Asian Books Private Limited

By: _____

SO ORDERED:

_____
Date

_____
Nathaniel M. Gorton,
United States District Judge

5